KAUFHOLD GASKIN GALLAGHER DLLP
STEVEN S. KAUFHOLD, ESQ. (SBN 157195)
Email: SKaufhold@KaufholdGaskin.com
QUYNH K. VU, ESQ. (SBN 286631)
Email: QVu@KaufholdGaskin.com
388 Market St., Suite 1300
San Francisco, CA 94111
Telephone: 415-445-4620
Facsimile: 415-874-1071

ROSENFELD & KAPLAN LLP
TAB K. ROSENFELD (*pro hac vice* pending)
Email: tab@rosenfeldlaw.com
1180 Avenue of the Americas, Ste 1920
New York, NY 10036
Telephone: 212-682-1400

*Attorneys for Applicants Karam Salah Al Din Awni Al Sadeq and Stokoe Partnership Solicitors*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re Application of KARAM SALAH AL DIN AWNI AL SADEQ and STOKOE PARTNERSHIP SOLICITORS for an Order Under 28 U.S.C. §1782 to Conduct Discovery for Use in Foreign Proceedings | Case No. 3-20-mc-80224<br><br>***EX PARTE* APPLICATION FOR AN ORDER UNDER 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS** |

Based upon the concurrently filed Memorandum of Law, Declaration of Steve Kaufhold ("Kaufhold Declaration") with accompanying exhibits, and Declaration of Haralambos Tsiattalou ("Tsiattalou Declaration") with accompanying exhibits, Applicants Karam Salah Al Din Awni Al Sadeq ("Mr. Al Sadeq") and Stokoe Partnership Solicitors ("Stokoe", and together with Mr. Al Sadeq, the "Applicants"), pursuant to 28 U.S.C. § 1782 and Federal Rules of Civil Procedure 26 and 45, respectfully request that this court grant an Order in the form attached as Exhibit F to the Kaufhold Declaration granting the Applicants leave to serve the subpoenas annexed to the Kaufhold Declaration as Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E.  Applicants request that the Court grant such leave *ex parte*.

The requested relief is for the purpose of obtaining limited, but necessary, discovery in aid of civil proceedings initiated by the Applicants and currently pending in the High Court of Justice of England and Wales, Queen's Bench Division captioned: <u>Karam Salah Al Din Awni Al Sadeq v. Dechert, LLP, Neil Gerrard, David Hughes, and Caroline Black</u>, Claim No. QB-2020-000322 (the "Al Sadeq Litigation"), <u>Stokoe Partnership Solicitors v. Mr Paul Robinson, Company Documents Limited, and Mr Oliver Moon</u>, Claim No. QB-2020-002218; <u>Stokoe Partnership Solicitors v. Mr Patrick Tristram Finucane Grayson, Grayson + Co Limited, Mr Stuart Robert Page, and Page Corporate Investigations Limited</u>, Claim No., QB-2020-002492  (the "Hacking Claims", and together with the Al Sadeq Litigation, the "Foreign Proceedings").  In the Al Sadeq Litigation, Mr. Al Sadeq alleges that the defendants Dechert, LLP ("Dechert UK"), Neil Gerrard ("Gerrard"), David Hughes ("Hughes"), and Caroline Black ("Black), committed serious wrongs against him in the course of an

investigation undertaken by them, at the behest of the Ruler of Ras Al Khaimah ("RAK"), into alleged fraud committed by Dr. Khater Massaad ("Dr. Massaad") and others, including Mr. Al. Sadeq, against their former employer, the RAK Investment Authority ("RAKIA"). Mr. Al Sadeq has brought claims against the defendants in the Al Sadeq Litigation for breaches of UAE criminal law and procedure, the UAE Constitution, and breach of his human rights as a matter of UAE and international law, and has sought damages stemming from, *inter alia*, his severe psychological and physical harm, pain and suffering, financial losses, and damage to reputation.

Following the initiation of the Al Sadeq Litigation, Mr. Al Sadeq's legal team, which includes Stokoe Partnership Solicitors, Detained in Dubai, 4 Stone Buildings, and Maltin PR (collectively "Mr. Al Sadeq's Legal Team"), has been subjected to a campaign intended to interfere with their ability to represent Mr. Al Sadeq and progress the proceedings on his behalf. This has included being the target of an online hacking campaign, having received numerous spear phishing emails and sms and being the target of an intrusive surveillance carried out on Mr. Al Sadeq's legal team whilst seeking to visit him in the UAE. The campaign also included attempts to obtain confidential information from Stokoe Partnership's bank account, and confidential information of others connected with the Foreign Proceeding. As is relevant to this Application, Mr. Al Sadeq's Legal Team has received numerous phishing emails from accounts hosted on Google, Dropbox, Cloudflare, Ngrok, and Twilio SendGrid.

In order to ascertain the identity of the individuals behind the unlawful conduct that includes hacking attempts and to put a stop to their unlawful conduct, Stokoe initiated the

2

*EX PARTE* APPLICATION FOR AN ORDER UNDER 28 U.S.C § 1782

Hacking Claims.  The individuals named as defendants in the Hacking Claims are engaged in the business of corporate intelligence gathering and were instructed to obtain confidential information, including financial records and banking information, regarding Mr. Al Sadeq's Legal Team.

The Foreign Proceedings are ongoing, and Mr. Al Sadeq and Stokoe are engaged in the process of seeking further information and documents to support their Claims.  As set forth in the accompanying Kaufhold Declaration and Tsiattalou Declaration, Mr. Al Sadeq's Legal Team has been the target of intrusive surveillance and a hacking campaign following the commencement of the Al Sadeq Litigation.  More specifically, members of Mr. Al Sadeq's legal team have been victims of phishing emails sent from Google, Dropbox, Cloudflare, Ngrok, and Twilio SendGrid accounts in an attempt to gather personal and confidential information from them.  It is believed that these concerted efforts are connected to the defendants in the Al Sadeq Litigation as part of their ongoing campaign of human rights abuses and attempts to intervene with Mr. Al Sadeq's access to legal representation.  Thus, it is believed that Google, Dropbox, Cloudflare, Ngrok, and Twilio SendGrid have information, documents, and material concerning subscriber and IP information for those accounts which would provide Mr. Al Sadeq and Stokoe with necessary evidence to link the defendants to the hacking campaign aimed at Mr. Al Sadeq's Legal Team.

The Applicants here meet all the statutory criteria for the issuance of an order allowing the requested discovery under 28 U.S.C. § 1782.  The documents and testimony sought are directly relevant to the core issues in the Foreign Proceedings.  As claimants in the Foreign Proceedings, Applicants are "interested persons."  The targets of this discovery—

*EX PARTE* APPLICATION FOR AN ORDER UNDER 28 U.S.C § 1782

Google Inc., Dropbox Inc., Cloudflare Inc., Ngrok, LLC, and Twilio, Inc.—are located within this District.  Moreover, as set forth in the Applicants' Memorandum of Law filed simultaneously herewith, the discretionary factors to be considered weigh in favor granting this application.  *See Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 264-65 (2004) (describing discretionary factors).

Applicants must obtain these materials as soon as possible for use in the ongoing Foreign Proceedings.

For these reasons, Mr. Al Sadeq and Stokoe respectfully request that this Court grant their Application for an order granting them leave to serve the named witnesses with the subpoenas attached to the Kaufhold Declaration as Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E.

Dated:  December 22, 2020

**KAUFHOLD GASKIN GALLAGHER LLP**

By:   /s/ Steven S. Kaufhold
Steven S. Kaufhold
388 Market Street, Suite 1300
San Francisco, CA 94111
(415) 445-4621
skaufhold@kaufholdgaskin.com

**TAB & ROSENFELD LLP**
Tab Rosenfeld (*pro hac vice* pending)
1180 Avenues of the America, Ste 1920
(212) 682-1400
tab@rosenfeldlaw.com

*Attorneys for Applicants Karam Salah Al Din Awni Al Sadeq and Stokoe Partnership Solicitors*

4