UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re Application of Karam Salah Al din Awni Al Sadeq and Stokoe Partnership Solicitors,<br><br>Petitioners. | Case No. 20-mc-80224-SK<br><br>**ORDER DENYING APPLICATION PURSUANT TO 28 U.S.C. § 1782**<br><br>Regarding Docket No. 1 |

On December 22, 2020, Karam Salah Al din Awni Al Sadeq and Stokoe Partnership Solicitors ("Petitioners") filed an *ex parte* application for discovery for use in foreign proceedings pursuant to 28 U.S.C. § 1782. (Dkt. 1.) Petitioners also filed a brief in support of their application. (Dkt. 2.) The Court issued an Order on January 28, 2021, requiring service of the application on interested parties Dechert, LLP, Neil Gerrard, David Hughes, and Caroline Black ("Interested Parties"), and setting a briefing schedule for any opposition. (Dkt. 4.) On March 9, 2021, the Interested Parties filed a statement of non-opposition to the application, stating simply that the proposed discovery is completely unrelated to the Interested Parties. (Dkt. 6.) On March 16, 2021, Petitioners filed a reply. (Dkt. 7.) Having reviewed the submissions of the parties and the relevant legal authority, the Court finds that Petitioners have not made a sufficient showing to obtain relief pursuant to 28 U.S.C. § 1782. The Court HEREBY DENIES Petitioners' application, for the reasons set forth below.

## BACKGROUND

Petitioner Karam Salah Al din Awni Al Sadeq ("Al Sadeq") is a lawyer and Jordanian citizen who is a resident of the United Arab Emirates ("UAE"). (Dkt. 2.) For the past six years, Al Sadeq has been incarcerated in the UAE for alleged involvement in fraudulent transactions

committed against his former employer. (*Id.*) Al Sadeq denies any wrongdoing and maintains that the charges against him are politically driven by the Ruler of Emirate Ras Al Khaimah ("RAK") and bolstered by confessions obtained from him under duress. (*Id.*) Petitioners allege that Interested Party Gerrard, who is a partner at Dechert UK, was appointed by the Ruler of RAK to lead an investigation into the alleged fraud. (*Id.*) Al Sadeq alleges that Gerrard and the other Interested Parties "orchestrated" his detention, placement in solitary confinement, torture, compulsion to sign false confessions without legal representation, and the threatening of his family. (*Id.*) Petitioner Stokoe Partnership Solicitors ("Stokoe") was retained to represent Al Sadeq in October 2019. (*Id.*) Stokoe filed litigation in the UAE on Al Sadeq's behalf alleging human rights violations ("Al Sadeq Litigation"). (*Id.*) Stokoe sent members of its legal team to Dubai to meet with Al Sadeq, where they allege that they were intimidated and subject to surveillance. (*Id.*)

In March of 2020, a private investigator, Oliver Moon ("Moon"), independently approached a lawyer working for a commercial investigation and intelligence gathering agency hired by Stokoe and revealed that he had been instructed to obtain confidential information regarding Stokoe, including banking information. (*Id.*) On the basis of this information, Stokoe filed a civil lawsuit in the United Kingdom, *Stokoe Partnership Solicitors v. Mr. Patrick Tristam Finucane Grayson, Grayson & Co. Ltd., Mr. Stuart Robert Page, and Page Corporate Investigations, Ltd.*, Claim No. QB-2020-002492. (*Id.*) Petitioners believe that they are being subjected to hacking attempts on the basis of their involvement in the litigation surrounding Al Sadeq. (*Id.*) Stokoe states that its team members have received phishing emails from accounts hosted by Google, Inc. ("Google"), Dropbox, Inc. ("Dropbox"), Cloudflare, Inc. ("Cloudflare"), Ngrok, LLC ("Ngrok"), and Twilio, Inc. ("Twilio"). (*Id.*) Petitioners therefore seek leave to serve subpoenas seeking the subscriber identification information and IP information of accounts associated with the alleged phishing attempts. (*Id.* (Kaufhold Dec. Exs. A, B, C, D, E).) Petitioners allege that this information will reveal the identity of the "ultimate perpetrators behind the hacking campaign" and in turn provide relevant evidence for the Al Sadeq Litigation and UK Litigation. (Dkt. 2.)

The proposed subpoenas are addressed to San Francisco based entities Google (Dkt. 2-1 (Kaufhold Dec. Ex. A)), Dropbox (*Id.* (Ex. B)), Cloudflare (*Id.* (Ex. C)), Ngrok, (*Id.* (Ex. D)), and Twilio (*Id.* (Ex. E)). Each subpoena seeks documents sufficient to identify users associated with a series of email addresses, IP addresses, and URLS specifically identified in each subpoena. (Dkt. 2-1 (Kaufhold Dec. Exs. A, B, C, D, E).) Each subpoena also seeks information regarding when each account was created, was lasted accessed, recovery information for each account, banking information for each account, and the IP addresses used to access the account. (*Id.*)

### DISCUSSION

**A.     Legal Standards.**

Section 1782 provides that "[t]he district court in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782. Such an order may issue "on the application of any interested person." *Id.* Therefore, "[a] district court may grant an application pursuant to 28 U.S.C. § 1782 where (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or internal tribunal or any interested person." *In re Republic of Ecuador*, 2010 WL 3702427, at *2, (N.D. Cal., Sept. 15, 2010); *see also* 28 U.S.C. § 1782 (a).

A district court has discretion to decide a section 1782 application where the statutory requirements are met. In exercising such discretion, the Supreme Court has instructed that courts weigh four factors: (1) whether the person from whom the discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. federal-court judicial assistance; (3) whether the § 1782 request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States; and (4) whether the § 1782 application contains unduly intrusive or burdensome discovery requests. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-65 (2004). The court's consideration should be guided by the "twin aims" of section 1782: "providing efficient assistance

3

to participants in international litigation and encouraging foreign countries by example to provide similar means of assistance to our courts." *Id.* at 252 (citation omitted).

**B.     Statutory Requirements.**

Petitioners have not sufficiently demonstrated that all three statutory requirements are satisfied, as discussed *seriatim* below.

**1.     Google, Dropbox, Cloudflare, Ngrok, and Twilio are residents of the Northern District of California.**

To satisfy the first statutory element, Petitioners must show that the entities from whom discovery is sought are residents of the Northern District of California. 2010 WL 3702427, at *2. Google has its principal place of business in Mountain View, California. (Dkt. 2.) Google therefore resides in the Northern District for purposes of general jurisdiction. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (observing that principal place of business forms a paradigmatic basis for general jurisdiction). Similarly, Dropbox, Cloudflare, Ngrok, and Twilio are headquartered in San Francisco. (Dkt. 2.) Dropbox, Cloudflare, Ngrok, and Twilio are therefore also residents of the Northern District of California.

**2.     The discovery sought is not for use in a foreign proceeding because Petitioners have not established its relevance.**

Petitioners must next show that the discovery sought is for use in a proceeding before a foreign tribunal. To be "for use" in a foreign proceeding, the information sought must be relevant. *Rainsy v. Facebook, Inc.*, 311 F. Supp. 3d 1101, 1110 (N.D. Cal. 2018). Courts are permissive in construing whether discovery sought is relevant to the claims and defenses at issue in the foreign tribunal. *In re Veiga*, 746 F. Supp. 2d 8, 18-19 (D.D.C. 2010); *see also Digital Shape Techs., Inc. v. Glassdoor, Inc.*, 2016 WL 5930275, at *3 (N.D. Cal. Oct. 12, 2016) ("The party issuing the subpoena has the burden of demonstrating the relevance of the information sought."). Petitioners describe in detail the ways in which they believe they are being surveilled and hacking attempts against them. (Dkt. 2.) Petitioners assert that these incursions are because of their involvement in the Al Sadeq Litigation and the UK Litigation. However, Petitioners do not establish a link between the fact that someone might be watching or attempting to hack them and the particular claims at issue in the foreign proceedings. The Court therefore cannot find that the information

sought, even if probative of hacking, would be for use in the foreign proceedings, because it is unclear how the information would be relevant to the substance of the underlying claims. Petitioners have therefore failed to carry their burden as to this requirement.

**3.    Petitioners are interested persons.**

Third, Petitioners must show that they qualify as interested persons. 2010 WL 3702427, at *2. Petitioners are interested persons because they each are named parties in the Al Sadeq litigation and the UK Litigation, respectively. *Intel*, 542 U.S. at 256 (finding it beyond doubt that litigants may invoke section 1782).

Because all three statutory requirements for a section 1782 application are not met here, the Court need not proceed to consider the four discretionary factors.

## CONCLUSION

Petitioners have not shown that the information they seek is relevant to the proceedings they have identified before foreign tribunals. The requirements of 28 U.S.C. § 1782 therefore are not met, and the Court DENIES the application.

**IT IS SO ORDERED**.

Dated: March 30, 2021



SALLIE KIM
United States Magistrate Judge