KAUFHOLD GASKIN GALLAGHER DLLP
STEVEN S. KAUFHOLD, ESQ. (SBN 157195)
Email: SKaufhold@KaufholdGaskin.com
QUYNH K. VU, ESQ. (SBN 286631)
Email: QVu@KaufholdGaskin.com
485 Pacific Ave
San Francisco, CA 94133
Telephone: 415-881-3189

ROSENFELD & KAPLAN LLP
TAB K. ROSENFELD (pro hac vice pending)
Email: tab@rosenfeldlaw.com
1180 Avenue of the Americas, Ste 1920
New York, NY 10036
Telephone: 212-682-1400

*Attorneys for Applicants Karam Salah Al Din Awni Al Sadeq and Stokoe Partnership Solicitors*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

In re Application of KARAM SALAH AL DIN AWNI AL SADEQ and STOKOE PARTNERSHIP SOLICITORS for an Order Under 28 U.S.C. §1782 to Conduct Discovery for Use in Foreign Proceedings

Case No. 3-20-mc-80224

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION BY APPLICANTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that pursuant to Northern District of California Civil Local Rule 7-9(b)(3), applicants Karam Salah Al Din Awni Al Sadeq ("Mr. Al Sadeq") and Stokoe Partnership Solicitors ("Stokoe" and together with Mr. Al Sadeq, the "Applicants") hereby move this Court for an order granting them leave to file a motion for reconsideration of this Court's March 30, 2021 Order denying the Applicants' Application Pursuant to 28 U.S.C. § 1782 to conduct discovery for use in foreign proceedings ("Order"). As required by Civil Local Rule 7-9, Applicants respectfully contend, as discussed more fully below, that the Order is "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

Dated: June 2, 2021

KAUFHOLD GASKIN GALLAGHER LLP

By: /s/ Steve Kaufhold
Steve Kaufhold

*Attorneys for Applicants Karam Salah Al Din Awni Al Sadeq and Stokoe Partnership Solicitors*

**MEMORANDUM OF POINTS AND AUTHORITIES**

Karam Salah Al Din Awni Al Sadeq ("Mr. Al Sadeq") is currently imprisoned in Ras Al Khaimah ("RAK"), one of the constituent Emirates of the UAE, and has brought suit in the High Court of England and Wales claiming that he was kidnapped and is being unlawfully detained in violation of UAE law (the "Al Sadeq Litigation"). Stokoe Partnership Solicitors ("Stokoe") are the solicitors who represent Mr. Al Sadeq in the Al Sadeq Litigation, seeking to recover damages and vindicate his rights. Following the initiation of the Al Sadeq Litigation, Mr. Al Sadeq's legal team, which includes Stokoe, 4 Stone Buildings, and Maltin PR (collectively "Mr. Al Sadeq's Legal Team"), has become the target of an online hacking campaign, which has included the receipt of numerous phishing emails from Google, Dropbox Inc, Cloudflare, Ngrok, and Twilio SendGrid accounts.

Stokoe brought two subsequent proceedings in England (the "Hacking Claims"[1]) in an attempt to pursue the perpetrators of the hacking scheme and to put an end to the unlawful conduct. Mr. Al Sadeq and Stokoe allege that the hacking scheme has sought to disrupt Stokoe's representation of Mr. Al Sadeq, obtain privileged information concerning his action, and deter the representation that he deserves.

On or about December 22, 2020, Mr. Al Sadeq and Stokoe (the "Applicants"), filed an *ex parte* application for an order pursuant to 28 U.S.C. § 1782 to conduct discovery with respect to the hacking scheme for use in the Hacking Claims and the Al Sadeq Litigation (the "Application"). By Order dated March 30, 2021, this Court denied the Application, finding that the Applicants had failed to carry their burden as to the statutory element that the discovery sought is "for use" in a foreign proceeding. However, in issuing such Order, the Court appears to have overlooked the allegations set forth in the Grayson Proceeding and the relevance of the discovery sought to the claims therein, which seek evidence of the hacking perpetrated against Stokoe and the rest of Mr. Al

[1] The Hacking Claims refer to the actions entitled: *Stokoe Partnership Solicitors v. Mr Paul Robinson, Company Documents Limited, and Mr Oliver Moon*, Claim No. QB-2020-002218 (the "Robinson Proceeding") and *Stokoe Partnership Solicitors v. Mr Patrick Tristram Finucane Grayson, Grayson + Co Limited, Mr Stuart Robert Page, and Page Corporate Investigations Limited*, Claim No., QB-2020-002492 (the "Grayson Proceeding").

Sadeq's Legal Team, including through phishing emails. It is respectfully submitted that such information is plainly relevant to establishing claims in the pending foreign proceeding, and that the requested discovery should have been ordered.

## ARGUMENT

### I. LEGAL STANDARD

Under Northern District Civil Local Rule 7-9, a party may seek leave to file a motion for reconsideration of any interlocutory order at any time before judgment adjudicating all of the claims and the rights and liabilities of all the parties in a case. N.D. Civ. L.R. 7-9(a). A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the Court, which, in the exercise of reasonable diligence, the party applying for reconsideration did not know at the time of the order; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments presented before entry of judgment. N.D. Civ. L.R. 7-9(b)(1)-(3); *Sanchez v. Johnson*, 301 F. Supp. 2d 1060, 1062 (N.D. Cal. 2004); *Clark v. Hyman*, 2015 U.S. Dist. LEXIS 170410, *7 (N.D. Cal. Dec. 18, 2015) (Rogers, J.) (unpublished) (granting plaintiff's motion for leave to file a motion for reconsideration where "[u]pon careful review of Plaintiff's supervisory liability claim against Defendant Chappell, the Court acknowledges that it failed to consider material facts, which were presented prior to the Court's April 15, 2015 Order"); *Newmark Realty Capital v. Bgc*, 2017 U.S. Dist. LEXIS 228876, *6 (N.D. Cal. Dec. 6, 2017) (Freeman, J.) (unpublished) (granting motion in part); *School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."). The moving party may not reargue any written or oral argument previously asserted to the Court. N.D. Civ. L.R. 7-9(c).

### II. THE COURT ERRED IN DETERMINING THAT THE DISCOVERY SOUGHT IS NOT "FOR USE" IN THE FOREIGN PROCEEDING

In its Order, the Court concluded that the Applicants failed to "establish a link between the fact that someone might be watching or attempting to hack them and the particular claims at issue in

the foreign proceedings," and therefore, the Court could not "find that the information sought, even if probative of hacking, would be for use in the foreign proceedings, because it is unclear how the information would be relevant to the substance of the underlying claims." (D.E. No. 8). The Applicants respectfully submit that in issuing its Order, this Court overlooked the clear connection between the information sought in the proposed subpoenas and the hacking claims in the Grayson Proceeding as described in the Application, which establishes that the materials sought are clearly relevant to the claims in that proceeding.

Information that is sought through the issuance of a subpoena "must be relevant to the claims and defenses in the underlying case." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006). The information requested "must be 'reasonably calculated to lead to admissible evidence.'" *Id*. (citing Fed. R. Civ. Pro. 26(b)). "A district court whose only connection with a case is supervision of discovery ancillary to an action in another district should be especially hesitant to pass judgment on what constitutes relevant evidence thereunder. Where relevance is in doubt . . . the court should be permissive." *Id*. at 680-81 (*quoting Truswal Sys. Corp. v. Hydro-Air Engineering, Inc.*, 813 F.2d 1207, 1211-12 (Fed. Cir. 1987)).

The basis of the claims Stokoe has asserted in the Grayson Proceeding center around allegations of the defendants' involvement in the unauthorized hacking of Stokoe's accounts to obtain its confidential information. (*See* D.E. No. 2-2, Ex. H). As such, Stokoe seeks relief, *inter alia*, in the form of damages incurred in connection with the hacking of its information and an injunction to prevent further attempts to access and to disseminate its confidential information. *Id.* Given the clandestine nature of the hacking scheme, Stokoe acknowledged in its claims that it did not have the full knowledge of the precise use of its confidential information and reserved its right to amend or supplement its claims as further information became available to it. *Id.*

Accordingly, the information that is requested in the proposed subpoenas to Google Inc., Dropbox Inc., Cloudflare Inc., Ngrok, LLC, and Twilio SendGrid seek information sufficient to identify user information for specific accounts, IP addresses, and URLs that were used to send phishing emails to Mr. Al Sadeq's Legal Team. (*See* D.E. No. 8). The proposed subpoenas also seek information with respect to the banking information, dates of account creation, dates the

accounts were last accessed, and recovery information for each of the specified accounts and IP addresses. (D.E. No. 8). This information would provide evidence to support Stokoe's claims that Mr. Al Sadeq's Legal Team has been the subject of an ongoing hacking campaign which threatens the confidentiality of their information. Additionally, the requested information would aid Stokoe in ascertaining the identity of the individual(s) who are behind the phishing emails which, in turn, would produce evidence of the defendants' involvement in arranging for and/or sending the phishing emails and/or the identity of others involved in the hacking scheme so that Stokoe may, among other things, amend or supplement its claims and seek the appropriate injunctive relief against such person(s). Thus, contrary to the Court's finding, the information that the Applicants are seeking through the proposed subpoenas is for use in the Grayson Proceeding and may provide evidence that is crucial to the pursuit of the claims which have been asserted therein as well as claims which may be added to the pending proceeding.

Without the requested information, Stokoe and other members of Mr. Al Sadeq's Legal Team remain a target for hacking which has, and continues to, interfere with their ability to effectively represent Mr. Al Sadeq, and until those who are involved can be identified and stopped, the progress of the Al Sadeq Litigation, wherein a number of the most serious human rights abuses are alleged, is under siege. As Stokoe has asserted in the Grayson Proceeding, it is crucial that the identity of those who are orchestrating the hacking of Stokoe's information be uncovered, not only to protect confidential information about Stokoe, but also to protect confidential and privileged information between Stokoe and their client, Mr. Al Sadeq. The protection of that information is crucial to preserving the integrity of the attorney-client relationship and the proceedings in the Al Sadeq Litigation. Mr. Al Sadeq's access to legal representation is especially paramount, as the claims asserted in the Al Sadeq Litigation arise from the denial of Mr. Al Sadeq's right to representation which allowed for his torture and unlawful interrogation which yielded coerced, incriminating statements that were used against him to secure a wrongful conviction. Thus, the requested information and documents are vital to preserving Mr. Al Sadeq's fundamental right to legal representation, and consequently, in preserving the integrity of the Al Sadeq Litigation.

For the foregoing reasons, the Applicants respectfully request that the Court grant the Applicants' motion for leave to move for reconsideration on the basis that the Applicants have satisfied their burden of showing that the information and documents sought from Google Inc., Dropbox Inc., Cloudflare Inc., Ngrok, LLC, and Twilio SendGrid are relevant to the claims asserted in the Grayson Proceeding and are reasonably calculated to lead to admissible evidence.

## CONCLUSION

For the foregoing reasons, Applicants request permission from this Court to file their motion for reconsideration.

Dated: June 2, 2021

KAUFHOLD GASKIN GALLAGHER LLP

By: _/s/ Steve Kaufhold____________________

Steve Kaufhold
485 Pacific Ave
San Francisco, CA 94133
(415) 881-3189
skaufhold@kaufholdgaskin.com
*Attorneys for Applicants Karam Salah Al Din Awni Al Sadeq and Stokoe Partnership Solicitors*